MAINE SUPREME JUDICIAL COURT                              Reporter of Decisions
Decision:      2019 ME 141
Docket:        Pen-18-481
Argued:        June 25, 2019
Decided:       August 29, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

LARRY F. COSTON II

SAUFLEY, C.J.

[¶1]  Larry F. Coston II appeals from a judgment of conviction of burglary (Class C), 17-A M.R.S. § 401(1)(A) (2018),[1] entered by the court (*Anderson, J.*) after a jury trial.  He argues that the court erred in admitting recordings of incriminating telephone conversations that he had with his girlfriend while he was in jail.  We affirm the judgment.

---

[1]  *See also* 17-A M.R.S. § 57(1), (2)(C), (3)(A) (2018) (establishing the criminal liability of an accomplice who, "[w]ith the intent of promoting or facilitating the commission of the crime . . . solicits such other person to commit the crime, or aids or agrees to aid or attempts to aid such other person in planning or committing the crime").

## I. BACKGROUND

[¶2] Coston was tried by a jury in October 2018 on a charge of burglary arising from events that had occurred in May 2018.[2] The State presented evidence that Coston borrowed a car; drove his friend to a location near a convenience store where the friend intended to break in to steal cash or goods; and, after the friend broke into the store and stole cigarettes, drove the friend home.

[¶3] As part of its case-in-chief, the State sought to admit recordings of Coston's telephone conversations that were recorded by the jail in which Coston was held after his arrest. The State offered the testimony of a Penobscot County jail administrator and a Dexter police officer to establish the means by which the jail's phone calls are recorded, preserved, and retrieved. The jail has a contract with an out-of-state company to provide telecommunications services for inmates. Inmates are assigned identification numbers that they

---

[2] In the first jury trial of this matter, held simultaneously with a jury-waived trial for a charge of violating a condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2018), in August 2018, the court (*Campbell, J.*) declared a mistrial because the jury was intractably deadlocked and could not reach a verdict. The court found Coston guilty, however, of violating a condition of release. Coston separately appealed from the judgment of conviction entered on that charge, which we have affirmed. *See State v. Coston*, Mem-19-90. As we noted in that memorandum of decision, because there is now a final judgment, we were not called upon to address the justiciability of that earlier-filed appeal from a conviction on one count when another count contained in the same charging instrument was still pending in the trial court. *See id.*

must use to place calls. All calls in the jail are recorded except for inmates' calls to and from their attorneys and calls placed on the separate, internal phone system of the jail. The recordings are collected and preserved on the company's servers outside of Maine.

[¶4] The recordings may be accessed and searched by jail administrators and law enforcement via a website that requires entry of a username and password. The recordings here were downloaded from the system's website by the Dexter police officer, who kept his username secure in his desk at work, had his password memorized, and accessed the website in his office on a desktop computer that cannot be used without a password. The officer testified that he did not alter the recorded calls or delete anything from them.

[¶5] Although Coston objected to the admission of the recordings, asserting a failure of foundation and the State's failure to eliminate any possibility of tampering, there was no evidence of tampering or other evidence suggesting any alteration of the audio that was to be played to the jury. The court determined that a sufficient foundation had been laid for the recordings and admitted them, concluding that nothing suggested that anyone had tampered with the recordings.

4

[¶6] After the State rested its case, Coston testified that he had not known what his friend had intended to do when he gave him a ride in the borrowed car and that he had not become suspicious until his friend returned to the car carrying cigarettes and wearing different clothes.

[¶7] The jury found Coston guilty of burglary, and the court sentenced him to one year of imprisonment, with all but sixty days suspended, and a one-year term of probation.[3]

## II. DISCUSSION

[¶8] Coston primarily challenges the adequacy of the foundation that the State provided to establish the authenticity of the jail's recordings.[4] To authenticate an item of evidence, including an item of electronic evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." M.R. Evid. 901(a); *see State v. Churchill*,

---

[3] The court also ordered Coston to pay $35 to the Victims' Compensation Fund and found him jointly and severally liable with his friend for $709.20 in restitution to the store.

[4] Coston's recorded out-of-court statements were not excludable as hearsay, *see* M.R. Evid. 801(d)(2)(A), and Coston has not argued that the statements were confidential or privileged, *cf.* M.R. Evid. 501-514. Coston does argue that the recordings were inadmissible because they were not originals. *See* M.R. Evid. 1001(b), (d), 1002. "An 'original' of a . . . recording means the . . . recording itself or any counterpart intended to have the same effect by the person who executed or issued it. For electronically stored information, 'original' means any printout—or other output readable by sight—if it accurately reflects the information." M.R. Evid. 1001(d); *see also State v. Legassie*, 2017 ME 202, ¶ 27, 171 A.3d 589 (emphasizing the purpose of the best evidence rule to ensure accuracy). Nothing was presented to the court that would even suggest that the method of presentation in some way rendered the audio recording inaccurate.

2011 ME 121, ¶ 6, 32 A.3d 1026. "The standard embodies a flexible approach to authentication reflecting a low burden of proof." *Churchill*, 2011 ME 121, ¶ 6, 32 A.3d 1026 (quotation marks omitted). If there is a question about the integrity of electronic data, that question generally goes to "the weight of electronically based evidence, not its admissibility." *Id.* ¶ 8 (quotation marks omitted).

[¶9] A party seeking the admission of a recording must provide a sufficient foundation to show that the recording was created and stored securely and systematically. *See id.* ¶¶ 3, 9-10; *State v. Berke*, 2010 ME 34, ¶¶ 12-16, 992 A.2d 1290. As we have held before, however, "a particular storage process is not necessary to demonstrate that electronic evidence has not been tampered with." *Churchill*, 2011 ME 121, ¶ 8, 32 A.3d 1026. For instance, we affirmed the admission of a chat log when it was created by the victim in the presence of law enforcement, was sent by email to the detective, remained in police custody thereafter, and had time stamps and contained responsive contents that made logical sense in the context of the other evidence. *See id.* ¶¶ 3, 9-10. Similarly, we affirmed the admission of videotapes showing criminal sexual contact with minors when there was foundational evidence that the defendant was present in the videos, the events took place

6

sequentially, and witnesses identified the defendant and the victims in the videos. *Berke*, 2010 ME 34, ¶¶ 1, 12-16, 992 A.2d 1290.[5]

[¶10]  The evidence presented by the State regarding the method of making, storing, and retrieving the recordings of Coston's phone calls was sufficient to support the court's determination that the necessary foundation had been established.

[¶11]  Although Coston argues that the State's failure to disprove any possible tampering rendered the audio unreliable and inadmissible, the State is not required to prove the negative.  The State need not disprove any possibility of tampering to establish the basic foundation for admissibility. *See Berke*, 2010 ME 34, ¶ 11, 992 A.2d 1290; *see also United States v. Savarese*, 686 F.3d 1, 11 (1st Cir. 2012) ("The burden of authentication . . . does not require the proponent of the evidence to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." (quotation marks omitted)).  "[T]he fact that the falsification of electronic recordings is always possible does not . . . justify restrictive rules of

---

[5]  *See also Asencio v. State*, 244 So. 3d 294, 297 (Fla. Dist. Ct. App. 2018) (affirming the admission of a recorded jail telephone call when the custodian of the recordings testified that a program was in place that used the inmate's booking number, PIN, and voice recognition software to identify the person placing a call and that the speaker in the recordings referred to facts that only the perpetrator would know).

authentication that must be applied in every case when there is no colorable claim of alteration." *People v. Gonzales*, No. 16CA0750, 2019 Colo. App. LEXIS 345, *14 (Colo. App. Mar. 7, 2019).

[¶12]  In those instances where evidence of tampering is presented, the court will determine whether the proffered recording is so unreliable that it lacks an adequate foundation demonstrating that it is what it purports to be. *See* M.R. Evid. 901(a).  In the absence of any evidence of tampering that would undermine the foundation in that way, however, the court may admit the evidence and allow the jury to determine the weight to be given that evidence. *See Churchill*, 2011 ME 121, ¶ 8, 32 A.3d 1026.

[¶13]  Here, although Coston argues that there *might* have been tampering, there was no evidence of tampering, and the court did not err in finding a sufficient foundation for the recordings' admissibility.

The entry is:

Judgment affirmed.

———————————

Zachary J. Smith, Esq. (orally), Lawsmith Legal Services, L.L.C., Bangor, for appellant Larry F. Coston II

Marianne Lynch, District Attorney, and Mark A. Rucci, Asst. Dist. Atty. (orally), Prosecutorial District V, Bangor, for appellee State of Maine

Penobscot County Unified Criminal Docket docket number CR-2018-1948
FOR CLERK REFERENCE ONLY