STATE OF MAINE                              UNIFIED COURT
AROOSTOOK, ss.                              LOCATION: Caribou
                                            DOCKET NO.: CR-22-00024


STATE OF MAINE,                    )
                                   )
v.                                 )        ORDER ON DEFENDANT'S
                                   )        MOTION IN LIMINE
BRADLEE BOYLES,                    )
                  Defendant        )


The State filed a seven-count indictment, charging the Defendant with the following offenses:

1. Aggravated Assault – Class B – 17-A M.R.S. §208(1)(B);
2. Aggravated Assault – Class B – 17-A M.R.S. §208(1)(B);
3. Reckless Conduct with a Dangerous Weapon – Class C - 17-A M.R.S. §211(1);1604(5)(A);
4. Domestic Violence Terrorizing with a Dangerous Weapon – Class C - 17-A M.R.S. §210-B(1)(A); 1604(5)(A);
5. Violation of a Protection Order – Class D - 19-A M.R.S. §4011(1);
6. Criminal OUI – Class D - 29-A M.R.S. §2411(1-A)(A);
7. Reckless Conduct with a Dangerous Weapon – Class C - 17-A M.R.S. §211(1), 1604(5)(A).

The Defendant filed a Motion in Limine dated September 20, 2022 seeking to preclude the State from introducing video footage from the evening in question due to what the Defendant claimed was an inability to authenticate the video pursuant to *M.R.EVID. 901*. The court conduct a hearing on the motion on December 28, 2022. After consideration of the evidence presented at the hearing and the argument of counsel, the court finds and orders as follows:

The video in question was taken from a home security system that was installed on a shed by the Defendant. The camera angle showed the driveway and dooryard of

the home that the Defendant and one of the alleged victims, Erica Moir (hereinafter "Moir") shared. Both the Defendant and Moir had security codes for access to the recording equipment through a smartphone app. The Defendant and Moir were able to access the recordings by way of a cloud based storage system. The cameras were motion activated. Moir contended that the camera would record for 30 second increments, unless the motion was continuous, in which case the recording would continue. The incident in question was partially captured by the camera. Moir downloaded the video from the cloud and provided it to the State. The witnesses identified the location, the people in the video, and the events that were depicted in the video. The video was therefore authenticated by "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with the circumstances." See, M.R. Evid. 901(b)(4).

There is no dispute that what *is* included in the recording was an accurate representation of the events that unfolded on the video, within the viewing angle of the camera. What is in issue are several gaps in the recordings. Moir contended that the gaps were created by the equipment due to the recording ceasing while there was no motion within range of the camera. The Defendant contends that Moir deleted the portions of the video that were not favorable to her or to the other alleged victim, Moir's brother.

The State need not disprove any possibility of tampering to establish the basic foundation for admissibility. See, State v. Berke, 2010 ME 34, ¶ 11, 992 A.2d 1290; see also United States v. Savarese, 686 F.3d 1, 11 (1st Cir. 2012) ("The burden of authentication . . . does not require the proponent of the evidence to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to

be." (quotation marks omitted)). "[T]he fact that the falsification of electronic recordings is always possible does not . . . justify restrictive rules of authentication that must be applied in every case when there is no colorable claim of alteration." *People v. Gonzales*, No. 16CA0750, 2019 Colo. App. LEXIS 345, *14, 2019 COA 30 (Colo. App. Mar. 7, 2019). "[A] particular storage process is not necessary to demonstrate that electronic evidence has not been tampered with." *State v. Churchill*, 2011 ME 121, ¶ 8, 32 A.3d 1026.

In this matter, there is no evidence that the images or video that was captured was altered. There is only a claim that portions of the video have been *deleted*. Unlike a case where there is an alteration, missing video is more akin to events occurring off camera, as took place to the extreme right of the frame in the video that was captured here. Moir testified that she did not delete any portions of the video and merely provided what was on the recording. The gaps in recording are obvious to the viewer. Not only does the picture jump or skip, the timer in the video also jumps ahead several seconds, indicating the amount of time that was not captured on video.

"In those instances where evidence of tampering is presented, the court will determine whether the proffered recording is so unreliable that it lacks an adequate foundation demonstrating that it is what it purports to be. *See* M.R. Evid. 901(a). In the absence of any evidence of tampering that would undermine the foundation in that way, however, the court may admit the evidence and allow the jury to determine the weight to be given that evidence." *State v. Coston*, 2019 ME 141, P9-P12, 215 A.3d 1285, 1287-1288(*Citing, Churchill*, 2011 ME 121, ¶ 8, 32 A.3d 1026)("It is then up to the jury to decide whether to believe the witness."); Field & Murray, *Maine Evidence* § 1001.1 at 560 (6th ed.

2007) ("Questions about the integrity of electronic data generally go to the weight of electronically based evidence, not its admissibility.").

In this matter, the recording is what it purports to be, a video of the driveway on the night in question. There is no evidence that the video itself has been altered or tampered with. True, there is evidence that there are missing portions of the video, but there is no suggestion that what was provided was not accurate. On this record, the contention that Moir deleted portions of the video was mere speculation. The fact finder will hear from witnesses and receive the video. It will be up to the fact finder as to what to make of the proffered evidence. Based upon this record, the court finds that the video is not "so unreliable that it lacks an adequate foundation demonstrating that it is what it purports to be." *State v. Coston*, 2019 ME 141, P9-P12, 215 A.3d 1285, 1287-1288. Therefore, Defendant's Motion in Limine to exclude the video of the incident in the driveway is DENIED.

Date: 1/9/2023

Justice, Maine Superior Court